REDDICKER, PLAINTIFF IN ERROR, v. LAVINSKY ET AL.,
DEFENDANTS IN ERROR.

1. STATUTORY CONSTRUCTION.
In order to bring a claim within the provisions of sec. 103, Gen. Stats.,
    it must appear that it is an instrument in writing acknowledging
    an indebtedness and promising payment, which may be made either
    in money or personal property.

2. Presumption of Regularity.

Error will not be presumed.    Unless error is shown, the presumption
     is in favor of the regularity of the judgment of the court below.

3. Rights assignable.

Almost every surviving right of action may be assigned so as to enable
     the assignee to maintain an action thereon in his own name.

*Error to the County Court of Chaffee County.*

Mr. J. B. McCoy, for plaintiff in error.

Messrs. Libby & Martin, for defendant in error.

Reed, J., delivered the opinion of the court.

Plaintiff in error was plaintiff below ; brought suit against
the defendants before a justice of the peace. The case pro-
ceeded to trial, and after the plaintiff had closed his evidence,
defendants moved for nonsuit on the ground that it was
shown that the plaintiff was the assignee of the claim, and
as such could not maintain the suit. The motion was over-
ruled and a judgment entered for $21.00 and costs ; an appeal
was taken to the county court, where the proceedings had
before the justice of the peace were duplicated ; the same
motion made at the same stage of the proceedings, which was
sustained, and a judgment entered dismissing the suit at the
cost of the plaintiff, from which a writ of error was sued out
to this court.

The only question presented is whether the court erred in
sustaining the motion. Sec. 103, Genl. Stat., cited and relied
upon by counsel of plaintiff, occurs in chap. 9, entitled
" Bonds, Bills, and Promissory Notes," and is as follows :—
" All promissory notes, bonds, due bills and other instru-
ments in writing made by any person, whereby such person
promises or agrees to pay any sum of money, or article of per-
sonal property, or any sum of money in personal property, or
acknowledge any sum of money or article of personal prop-
erty, to be due to any other person or persons, shall be

taken to be due and payable to the person or persons to whom the said note, bond, bill or other instrument in writing is made." It will be observed that by the wording of the section relied upon, in order to bring the claim within its provisions, it must be an instrument in writing acknowledging an indebtedness and promising payment, which may be made either in money or personal property.

Two abstracts of the record, one by each of the parties, are filed, in neither of which is there any of the evidence given showing the nature of the claim, or that there was any chose in action that had been assigned; nor is the character of the supposed claim shown by an examination of the record or disclosed in the argument, consequently we have no means of determining whether or not the claim was one made assignable by the statute. Error will not be presumed. Unless the error is shown the presumption is against it, and in favor of the regularity of the judgment. It is therefore presumable that the supposed claim was not an acknowledgment in writing of an indebtedness and a promise to pay it, upon which an action could be maintained under the statute relied upon.

Under our Code of Civil Procedure almost any surviving right of action may be assigned so as to enable the assignee to maintain a suit in his own name. By sec. 3 of the Code. it is declared, " every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this act." With proper proof, perhaps this action might have been maintained, but there was an absolute want of proof of the existence of any legal right of action, and no proof of any assignment whatever, consequently the judgment must be affirmed.

*Affirmed.*